**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **CHRISTIAN BANEGAS,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-13-3728 |
| **GENERAL LAWN SERVICE CORPORATION,** *et al.* | | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

This opinion and order addresses the parties' Rule 111 Notice (ECF No. 12), filed on June 17, 2014. The parties first filed a Rule 68(a) Offer of Judgment and Plaintiff's Acceptance of Defendant's Offer of Judgment on May 27, 2014 (ECF No. 10). Federal Rule of Civil Procedure 68(a) instructs the court to enter judgment after receiving an accepted offer of judgment. However, the Fair Labor Standards Act ("FLSA") (the cause of action alleged in this suit) does not permit settlement or compromise except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Lopez v. NTI, LLC*, 748 F. Supp. 2d 471 (D. Md. 2010) (explaining that courts assess FLSA settlements for reasonableness). Accordingly, the FLSA modifies Rule 68(a) such that in claims filed under the FLSA, the court will enter judgment when presented with an offer and acceptance *only after* the court is satisfied that the settlement is a reasonable compromise.

To bring the parties in compliance with the FLSA, on May 29, 2014, the Court[1] ordered the parties to submit a joint statement "either explaining why th[e] judgment reflects a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions or that it compensates Plaintiff fully for all amounts due." (ECF No. 11).

In lieu of filing the joint statement as ordered, on June 17, 2014, the parties filed a Local Rule 111 Notice informing the Court that the parties have settled and requested that the Court dismiss the case without prejudice and permit either party to move for good cause to reopen the action within sixty (60) days. (ECF No. 12). The parties note that they anticipate providing the Court with a stipulation of dismissal under Federal Rule of Civil Procedure 41 and will not seek Court approval of the FLSA settlement. Rule 41(a)(1)(A)(ii) permits the plaintiff to dismiss an action without court order by filing "a stipulation of dismissal signed by all parties who have appeared." Similar to Rule 68(a), however, this general rule is subject to "any applicable federal statute," which includes the FLSA. *See* Fed. R. Civ. P. 41(a)(1)(A).

To be clear, "[o]ther than . . . payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees . . . is a fair and reasonable res[o]lution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. This procedure furthers the FLSA's goal of protecting workers' rights. *See id.* at 1352-54. Thus, this Court holds that neither Federal Rule of Civil Procedure 68(a) nor 41(a)(1)(A)(ii) can be used as a way to avoid the FLSA requirement that courts review settlements of claims brought under FLSA for reasonableness. To hold otherwise would effectively dispense of that requirement. Accordingly,

---

[1] At the time of the May 29 Order, this case was assigned to Chief Judge Deborah K. Chasanow. Since that time, the case has been reassigned to the undersigned.

it is this 17th day of July, 2014, by the United States District Court for the District of Maryland,

ORDERED that:

1.      The request of the parties for an order dismissing the action is DENIED

2.      Within fourteen (14) days, the parties are to submit a joint statement either explaining why the judgment reflects a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions or that it compensates Plaintiff fully for all amounts due; and

3.      The clerk will transmit a copy of this order to counsel for the parties.

Dated: <u>July 17, 2014</u>

                                                         _____/S/_____
                                                  George J. Hazel
                                                  United States District Judge